Nicholson, C. J.,
delivered the opinion of the Court.
In September, 1860, Slatter was appointed Collector of the taxes for the corporation of Winchester, by the Board of Mayor and Aldermen, of which Board he was a member. He held the office until September, 1861. During the year he was in office, he collected taxes amounting to about $1,000, which he paid over to the Treasurer of the Board. The last payment so made was in April, 1861; from that time till September, 1861, when he ceased to be collector, he made no payments, into the corporation treasury.
In September, 1866, Slatter sued the corporation before a Justice of the Peace, on account for services as Collector. He obtained judgment; and, on appeal to *66 the Circuit Court, there was verdict and judgment in his favor, for $70, from which the corporation appealed in error to this Court.
Besides the facts already stated, it appears from the bill of exceptions, that the annual taxes collected for the corporation of Winchester amounted to between $1,500 and $2,000. It further appears that Slatter had made no settlement of' his agency with the corporation, and that the tax books, for 1860, were in his possession when last heard of. In this state of the facts the Circuit Judge charged the jury, that, “if the plaintiff has shown, by proof, services rendered for defendant, and fixes the amount, by contract or reasonable worth, his suit here puts the laboring oar on the defendant’s to resist by proof, the obligations generally; or, by proving payment; or, that the plaintiff, by failure or negligence, is properly liable, under the forms of a cross action.”
In giving his charge, the Judge seems to have overlooked the fiduciary relation which existed between the plaintiff and the defendants. This relation imposed special duties on the plaintiff, which were required to be performed by him before he could claim his commissions. “The general rule of law, as to commissions, undoubtedly is,” says Mr. Story in his work on agency, sec. 329, “that the whole service or duty must be performed before the right to any commissions attach, ordinary or extraordinary; for an agent must complete the things required of him before he is entitled to charge for it, unless the entire performance should be prevented by the act or negligence of the principal him *67 self. Again, in sec. 331, he says: “The agent is entitled to his commissions only upon a due and faithful performance of all the duties of his agency in regard to his principal. For it is a necessary element, in all such cases, that, as the commissions are allowed for particular services to the principal, it is a condition precedent to the title to the commissions that the contemplated services should be fully and faithfully performed. If, therefore, the agent does not perform his appropriate duties, or if he is guilty of gross • negligence, or gross misconduct, or gross- unsldllfulness in the business of his agency, he will not only become liable to his principal for any damages which he may sustain thereby, but he will also forfeit all his commissions.”
•Instead, therefore, of charging the jury, as'the Judge did, that if the plaintiff had shown, by proof, that he had rendered services for the defendants, the laboring oar was put on the defendants to resist a recovery; he ought to have told them, that, as the plaintiff was the agent of the defendants’ to collect and account for the taxes assessed, he was bound to show that he had fully and faithfully performed his duties before he could claim his commissions.
Eor this error, in the charge, the judgment will be reversed, and the cause- remanded for a new trial.